IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TASLID INTERESTS, INC. and KATY | § | |
| MOTELS, INC. dba MEMORIAL INN & | § | |
| SUITES | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-1692 |
| | § | |
| ARCH SPECIALTY INSURANCE | § | |
| COMPANY | § | |
| *Defendant.* | § | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE OR EXCLUDE EXPERT DESIGNATION OF STEVE STRZELEC

Plaintiffs Taslid Interests, Inc. and Katy Motels, Inc. dba Memorial Inn & Suites ("Plaintiffs") respond to the motion to strike or exclude Stephen "Steve" Strzelec (Dkt. 17) filed by Defendant Arch Specialty Insurance Company ("Arch").

### I.    NATURE AND STAGE OF THE PROCEEDINGS

This motion to strike or exclude is one of four motions defendant Arch Specialty Insurance Company ("Arch") filed on January 28, the deadline for dispositive motions. Docket call is set for May 31, 2019.

### II.    ISSUE TO BE RULED UPON

Defendant asks this Court to strike or exclude the testimony of Steve Strzelec. On October 19, in accordance with the Court's scheduling order, Plaintiffs designated Strzelec as an expert and provided his CV. (*See* Ex. 1, Plaintiff's Expert Designations). From that date to present, Arch has known that Strzelec would serve as an expert on "established claims handling industry standards, Defendant's practices, policies and procedures relating to claims handling

Page **1** of **8**

standards, and the handling of Plaintiffs' insurance claim by Defendant, their representatives, and consultants." (Ex. 1 at 6.)

Plaintiffs supplemented their expert disclosures with Strzelec's full report on February 7, one day after Arch finally made its corporate representatives available to testify, and one day after Arch had completed four separate rounds of document production on December 20, 21, January 29, and February 6. Strzelec's report is attached as Exhibit 2.

To determine whether Plaintiffs' disclosure of Strzelec on February 7 is "justified or harmless", the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Carr v. Montgomery Cty.*, No. H-13-2795, 2015 U.S. Dist. LEXIS 136560, at *9 (S.D. Tex. 2015) (Miller, J.); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

### III.   SUMMARY OF THE ARGUMENT

By seeking to strike Steve Strzelec, Arch seeks to profit off its dilatory and unprofessional discovery behavior in this lawsuit. Plaintiffs timely designated Strzelec on October 19, in accordance with this Court's scheduling order (Dkt. 10), providing his CV and the topics on which he would testify. From that point forward, Arch was aware of Strzelec and has, at all times relevant here, had the opportunity to request his deposition. Plaintiffs even offered to continue the submission date of this motion, as well as for the motion to exclude Plaintiffs' other experts Irmiter and Hinojosa, to allow for time to Arch to take their depositions first, but Arch refused. (*See* Ex. 3, emails between counsel.) To date, Arch has still not sought Strzelec's deposition.

Because Arch's discovery responses to Plaintiffs' discovery and document production was

so woefully lacking, Strzelec did not have the necessary information to finish his report at that time. Strzelec completed his report, and Plaintiffs served it, on February 7.

On November 28, Plaintiffs' counsel took the deposition of Barry Tarnofsky. Arch's counsel had represented that Tarnofsky could testify to each of the 11 topics in the Rule 30(b)(6) deposition notice. Not only was it quickly established that Tarnofsky was not prepared or qualified to testify on those topics, but it was also clear that Arch had falsely represented that it had no responsive documents to certain requests, including those involving claims handling and adjusting practices – the very subject of Strzelec's testimony. This deeply concerning behavior led Plaintiffs' counsel to suspend the deposition, but not before securing an agreement from Arch's counsel on the record:

> **MR. SLANIA [Plaintiffs' counsel]:**   Okay.  So, Plaintiff, we have some real concerns about document compliance, deposition compliance, so at this point, based on our discussions with counsel, we are going to suspend the deposition. My understanding is that all of the 11 topics listed in the deposition notice served on October 17th, that Arch will be making a representative available to testify as to all of those topics within 30 days. Based on this representation, it is not my intention or desire to file any motion for sanctions as it relates to today.  Does that sound correct?

> **MR. RANEY [Arch's counsel]:**  Yeah, I guess just a couple of clarifications.  One, in terms of bringing in, it's going to be one or more persons to testify about the 11 topics. Two, there are apparent document issues that need to be resolved that I will work with counsel to determine what documents are there and what documents may need to be supplemented.  And to the extent that there are any, they will be done before somebody comes back. And my understanding is that, you know, assuming that we work on documents and have somebody here, there's not going to be any motion to compel or other type of discovery motion while we try to cooperatively work out any issues.

> **MR. SLANIA:**  That's true.  If we reach agreement on everything, there will be no more motions and we'll see the witnesses back here within 30 days in your office in Houston.

> **MR. RANEY:**  Got it.

(Ex. 4, Deposition of Barry Tarnofsky ("Tarnofsky Dep.") at 34:6-35:12) (emphasis added).

This deposition was November 29. That day, Arch agreed to (1) present a witness for all 12 corporate representative topics by December 29, and (2) to supplement their deficient document production. Plaintiffs' counsel upheld his end of the bargain struck on the deposition record, not seeking motion relief (sanctions or otherwise) as agreed. But to Plaintiffs' chagrin (and prejudice), Arch did not present a witness by December 29, and did not produce all responsive documents within that timeframe. Arch finally presented corporate representative testimony on February 6, and continued to produce documents on December 20 and 21, January 29, and all the way up until February 6 – the *morning of the corporate representative testimony*.

Even among all of this, Plaintiffs refrained from (and continue to refrain from) seeking sanctions for this brazen behavior. Out of courtesy for Arch's counsel, and in reliance on Arch's counsel's promise that his client would comply, Plaintiffs' omitted from their December 20 letter to the Court the specific details noted above. But now that Arch rather shockingly seeks to prevent Strzelec from testifying as an expert, Plaintiffs must bring this to light.

Plaintiffs promptly served a supplemental expert designation with Strzelec's report on February 7, one day after Arch finally presented corporate representative testimony it had promised to do within 30 days on November 29. Just as Plaintiffs have made their other experts Tom Irmiter and Robert Hinojosa available – after the expiration of the discovery period, as a courtesy to Arch – Plaintiffs have also made Strzelec available for deposition. To date, Arch has not advised of available dates.

Arch's own conduct caused Strzelec's report to be completed on February 7. This Court should not reward Arch's discovery violations by striking or excluding Strzelec. With the opportunity to depose Strzelec (as well as Plaintiffs' two other experts), Arch cannot show

prejudice. The Court should deny Arch's motion.

## IV. ARGUMENT/AUTHORITIES

On October 19, in accordance with the Court's scheduling order, Plaintiffs designated Strzelec as an expert and provided his CV. (*See* Ex. 1, Plaintiff's Expert Designations). From that date to present, Arch has known that Strzelec would serve as an expert on "established claims handling industry standards, Defendant's practices, policies and procedures relating to claims handling standards, and the handling of Plaintiffs' insurance claim by Defendant, their representatives, and consultants." (Ex. 1 at 6.) Yet, Arch never once requested Strzelec's deposition.

Plaintiffs supplemented their expert disclosures with Strzelec's full report on February 7. (Ex. 2, Strzelec Report.) This was one day after Arch finally made its corporate representatives available to testify, and one day after Arch had completed four separate rounds of document production on December 20, 21, January 29, and February 6.

To determine whether Plaintiffs' disclosure of Strzelec on February 7 is "justified or harmless" under Rules 37(c)(1) and 26(a), the Court considers four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Carr v. Montgomery Cty.*, No. H-13-2795, 2015 U.S. Dist. LEXIS 136560, at *9 (S.D. Tex. 2015) (Miller, J.); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004).

Factor 4, the explanation for the late disclosure, is detailed above and weighs heavily in favor of allowing Strzelec to testify as an expert. *See* Carr, 2015 U.S. Dist. LEXIS 136560 at *9.

The agreement between counsel on the deposition record makes clear that not only did Arch initially fail to comply with discovery, but it *again* failed to comply even after the November 29 agreement. (*See* Tarnofsky Dep. at 34:6-35:12.) Arch did not make its corporate representatives available for deposition until February 6, the day before Strzelec finally served his report. And so Strzelec did not even have the opportunity to incorporate into his report the second deposition of Barry Tarnofsky (who testified on Arch's claims handling and adjusting practices and procedures, and Arch's handling of this claim in particular), or Jeffry Smrek (who testified as to compensation of adjusters and managers at Arch). It is abundantly clear that Arch's own conduct caused the late production of Strzelec's report.

Factor 1, the importance of the evidence, weighs in favor of allowing the evidence as well. *See* Carr, 2015 U.S. Dist. LEXIS 136560 at *9. In this case alleging violations of the Texas Insurance Code, Arch's claims handling practices, and the handling of this claim in particular, are squarely at issue. Strzelec's testimony is very important for the Plaintiffs' case.

Lastly, factor 2 – prejudice to the opposing party of including the evidence – also weighs in favor of allowing Strzelec to testify. *See* Carr, 2015 U.S. Dist. LEXIS 136560 at *9. Plaintiffs immediately offered to make Strzelec available for deposition, but Arch's counsel has not yet responded. Arch did not ever request Strzelec's deposition, and did not request the deposition of Plaintiffs other experts Tom Irmiter and Robert Hinojosa, until after the discovery period. Plaintiffs agreed to make Irmiter and Hinojosa available, and their depositions will be taken on February 21 and March 7, respectively. Arch will have no one to blame but their own counsel if they refuse to depose Strzelec.

## V.  CONCLUSION/PRAYER

This Court should not reward Arch's dilatory and unscrupulous behavior by striking Plaintiffs' expert whose report could not be completed until Arch finally began complying with discovery. Arch should take up Plaintiffs' offer to depose Strzelec on the contents of his report, which would remedy any claimed prejudice Arch is suffering.

Respectfully submitted,

**RAIZNER SLANIA LLP**

*/s/Jeffrey L. Raizner*
Jeffrey L. Raizner
Texas Bar No. 00784806
Federal ID No. 15277
jraizner@raiznerlaw.com
RAIZNER SLANIA LLP
2402 Dunlavy Street
Houston, Texas 77006
Telephone: (713) 554-9099
Facsimile: (713) 554-9098

Of Counsel:

Andrew P. Slania
Texas Bar No. 24056338
Federal ID No. 1057153
aslania@raiznerlaw.com
Amy B. Hargis
Texas Bar No. 24078630
Federal ID No. 1671572
ahargis@raiznerlaw.com
Ben Wickert
Texas Bar No. 24066290
Federal ID No. 973044
bwickert@raiznerlaw.com
RAIZNER SLANIA LLP
2402 Dunlavy Street
Houston, Texas 77006
Telephone: (713) 554-9099
Facsimile: (713) 554-9098

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of February, 2019, a true and correct copy of the foregoing document was delivered to all counsel of record, via the Court's electronic notice system, in accordance with the Federal Rules of Civil Procedure:

Cristina Guerrero
**Gordon Rees Scully Mansukhani LLP**
State Bar No. 24058860
cxguerrero@grsm.com
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANT**